**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

Alex David Diaz Flores,

      Petitioner,

      v.                                                   Case No. 2:26-cv-02389-BCL-atc

Christopher Bullock,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

      Respondent.

---

**ORDER DENYING MOTION TO ALTER JUDGMENT**

---

Petitioner Alex David Diaz Flores has filed a Motion to Alter Judgment under Federal Rules of Civil Procedure 59(e), 60(b)(1), and 60(b)(6) (Doc. 9) by which he asks this Court to revisit the denial of his counseled habeas petition (Doc. 1), which was accompanied by a memorandum of law elaborating on his claims. Petitioner's Motion to Alter Judgment (Doc. 9) is **DENIED** for the reasons that follow.

Petitioner's primary argument seems to be that the Court should not have dismissed his petition in the exercise of the screening function required by 28 U.S.C. § 2243. *See also* Rules Governing Section 2254 Cases and Section 2255 Proceedings, Rule 4 (likewise calling for courts to serve a screening function). But a court's compliance with a statutory mandate is not itself reason to alter or amend or grant relief from a judgment. And, acknowledging Petitioner's disagreement with the Court's assessment of the claims set forth in his Petition, it makes little sense for Petitioner to argue that the government should have been ordered to respond, because a

1

governmental opposition to Petitioner's petition and accompanying brief could not reasonably be expected to improve Petitioner's odds of success.

On the substance, Petitioner expresses broad disagreement with the Court's decisions concerning exhaustion, the meanings and respective scopes of the relevant statutes, and whether Petitioner's detention under Section 1225 violates the Constitution. But motions under Rule 59 and Rule 60(b) are not the place to rehash arguments that Plaintiff has already made in his petition and accompanying memorandum of law, and which already have been rejected. *See Hawkins v. Tenn. Bd. of Prob. & Paroles*, No. 07–2326–B/P, 2008 WL 313453, at *1 (W.D. Tenn. Feb. 1, 2008) ("The Rule 59(e) motion may not be used to relitigate old matters."); *Livonia Pub. Schs. v. Selective Ins. Co. of the Se.*, 611 F. Supp. 3d 426, 435 (E.D. Mich. 2020) ("Rule 60(b) may not be used to relitigate the case."). The proper avenue for rearguing issues is appeal, *see Keweenaw Bay Indian Cmty. v. Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992), and indeed some of the issues raised by Petitioner's petition are already pending before the Sixth Circuit in *Lopez Campos v. Raycraft*, No. 25-1965, which was argued on March 18, 2026. (Petitioner of course remains free to file his own notice of appeal, assuming he does so in compliance with governing statutes and rules.). And, to the extent Petitioner intended his Motion to Alter Judgment to advance new arguments that he did not include in his Petition or the brief that accompanies and elaborated on it, doing so likewise provides no basis for relief under Rules 59(e) and 60(b). *See, e.g.*, *McBride v. Skipper*, 76 F.4th 509, 518 (6th Cir. 2023) ("Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." (quotation marks and citation omitted)); *In re East Palestine Train Derailment*, 160 F.4th 751, 759 (6th Cir. 2025) (same, and noting that the limitation on new arguments extends to Rule 60(b)).

Petitioner, having filed a Section 2241 petition and a brief elaborating on his claims, clearly disagrees with this Court's resolution of those claims. But Petitioner's arguments do not provide a basis for relief under Rule 59(e) or 60(b) and, independently, do not persuade the Court that its Order denying the petition rests on error. Petitioner's remedy, if any, is with the Sixth Circuit, which will soon resolve some of the issues raised by Petitioner's claims. Petitioner's Motion (Doc. 9) is **DENIED**.

**IT IS SO ORDERED**, this 15th day of April, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

3